UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>    v.<br><br>MICHAEL INDELICATO,<br><br>    Defendant/Petitioner. | Case No. CR-85-0078-EMC<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY**<br><br>Docket No. 102 |

Petitioner Michael Indelicato filed a coram nobis petition on July 25, 2014. Docket No. 85. After considering the briefing on this matter, the Court denied Petitioner's coram nobis petition as untimely and barred by laches. Docket No. 100 (Coram Nobis Order) at 2. Petitioner filed an appeal of the Court's order, and the Court of Appeal issued an order staying all subsequent filings in the appeal until this Court determines whether a certificate of appealability (COA) should issue.

As an initial matter, the Court notes that a COA may not be necessary for appellate review of a coram nobis petition. *See United States v. Price*, 589 Fed. Appx. 350, 352 (9th Cir. 2015); *United States v. Kwan*, 407 F.3d 1005, 1010-11 (9th Cir. 2005), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010). As explained in *Kwan*, the Anti-Terrorism and Effective Death Penalty Act's (AEDPA) COA requirement does not apply to coram nobis proceedings because a grant of a COA is required "in only two kinds of appeals: an appeal from '(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or (B) the final order in a proceeding under section 2255.'" *Kwan*, 407 F.3d at 1010 (quoting 28 U.S.C. § 2253(c)(1)). Authority to issue a writ of coram

1  nobis, in contrast, arises from the All Writs Act, 28 U.S.C. section 1651(a). *Id.* at 1011. Thus,
2  "the plain language of 28 U.S.C. section 2253(c)(1) indicates that a COA is not required to obtain
3  appellate review of the denial of a coram nobis petition." *Id.* at 1010. The Ninth Circuit explained
4  that not requiring a COA for appellate review of a coram nobis petition was not at odds with the
5  AEDPA because the AEDPA's "gatekeeping requirements are not necessary in legitimate coram
6  nobis claims -- namely, few defendants who have already completely served their sentences
7  continue to have reasons to challenge their conviction or sentence." *Id.* at 1011.

8  Here, Petitioner does not attempt to use the writ of coram nobis as a means of bypassing
9  the AEDPA's gatekeeping requirements. Petitioner served his prison sentence, and was released
10 from federal custody on September 30, 1987. *See* Docket No. 85 (Petition) at 4. Thus, it would
11 appear that a COA is not required for appellate review of this Court's order denying the coram
12 nobis petition.

13 Nonetheless, the Court of Appeals has directed this Court to assess applicant's entitlement
14 to a COA. If a COA were required in the instant case, the Court would not grant a COA. A judge
15 shall grant a COA "only if the applicant has made a substantial showing of the denial of a
16 constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is denied on procedural grounds
17 without reaching the underlying constitutional claim, a COA should issue when the petitioner
18 shows "that jurists of reason would find it debatable whether the petition states a valid claim of the
19 denial of a constitutional right and that jurists of reason would find it debatable whether the
20 district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
21 In the instant case, neither requirement is fulfilled.

22 First, jurists of reason would not find the Court's procedural ruling debatable or wrong. In
23 denying Petitioner's coram nobis petition, the Court found that the petition was untimely, and that
24 there was no valid excuse for waiting more than two decades to file for the extraordinary writ of
25 error coram nobis. Coram Nobis Order at 4. The delay was not justified by the suppression of
26 evidence, but instead Petitioner admits that between 1987 and 2012, he undertook no steps
27 whatsoever to challenge his conviction in any forum, including even researching the possibility of
28 attacking his earlier conviction. *Id.* at 7-8. Furthermore, the Court held that the petition was

barred by laches, as Petitioner's inexcusable delay prejudiced the Government's ability to retry the case. *Id.* at 9.

Second, jurists of reason would not find it debatable that Petitioner's coram nobis petition states a valid claim of the denial of a constitutional right. Although the Court's denial of the coram nobis petition was on procedural grounds, the Court did consider the merits of the petition and "f[ound] them wanting." *Id.* at 5 n.2; *see also id.* ("even if such an error has occurred, that alleged error (along with the substantial majority of the other alleged errors argued in the petition) clearly does not rise to the level of error 'of the most fundamental character,' as required to obtain coram nobis relief."). Based on the evidence in the record, the Court believes this was not a close case.

For the reasons stated above, a certificate of appealability, if required, is **DENIED**. Petitioner is advised that he may ask the Court of Appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure. *See* Rule 11(a).

**IT IS SO ORDERED**.

Dated: November 4, 2015

_____
EDWARD M. CHEN
United States District Judge